UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **GEORGE H. HARVEY,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | No.3:04cv0241AS |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| sued as Department of Veterans | ) | |
| Affairs, | ) | |
| | ) | |
| **Defendants** | ) | |

*MEMORANDUM AND ORDER*

This case was originally filed on or about April 1, 2004, and at this writing, there are 55 items on the docket sheet. As a preliminary matter, this pro se plaintiff, now incarcerated at the Westville Correctional Center in Westville, Indiana in this district has had considerable due process. *See Haines v. Kerner*, 404 U.S. 519 (1972). *See also Smith v. Fairman*, 862 F.2d 630 (7th Cir. 1988), *cert. denied*, 490 U.S. 1008 (1989); and *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). This concept was explicated by Justice Stevens in a most common sense way in *McNeil v. United States*, 508 U.S. 106 (1993), as follows:

> "It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent. Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see *Haines v. Kerner*, 404 U.S. 519 (1972); *Estelle v. Gamble*, 429 U.S. 97 (1976), and have

>  held that some procedural rules must give way because of the unique circumstance of incarceration, see *Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's notice of appeal deemed filed at time of delivery to prison authorities), we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.  As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."  *Mohasco Corp. v. Silver,* 447 U.S. 807, 826 (1980)."

This is not the typical pro se prisoner case which generally implicates claims under 42 U.S.C. §1983 or 28 U.S.C. §2254.  This pro se prisoner has taken upon himself to pursue a claim for medical malpractice relating to events at the Veterans Administration Clinic in Fort Wayne, Indiana in February 2000, now almost six years ago.  There is some difference between the filing date shown on the cover sheet and that referred to in the Report and Recommendation of the magistrate judge.  The differences between April 1, 2004 and July 23, 2004 do not appear to be significant.  Very importantly there has been compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

When the procedural chaff is swept away here, what remains is the burden to establish a claim under the Federal Tort Claims Act, 28 U.S.C. §1346.  Under that statute, there is no right to trial by jury.  What is before the court is the defendant's motion for partial summary judgment which was referred to the United States magistrate judge under 28 U.S.C. §636(b)(1)(B).  This court is familiar with the teaching of *Lawson v. CSX Transp., Inc.*, 245 F.3d 916 (7th Cir. 2001).  Basically the Federal Tort Claims Act in this context borrows the

medical malpractice negligence law from the State of Indiana.  *See Bader v. Johnson*, 732 N.E. 2d 1212 (Ind. 2000).  The magistrate judge has given this case careful and detailed attention and has got it right.  The general objection filed by this pro se petitioner on December 21, 2005 does not undermine that conclusion.

Therefore, the Report and Recommendation is **ADOPTED**.  The partial motion for summary judgment on the medical malpractice claim is **GRANTED**.  The remaining issue as described by the magistrate judge should go forward with the magistrate judge hearing the evidence and filing a report and recommendation with this court.  **IT IS SO ORDERED**.

**DATED:**  January 3, 2006

                                             S/ ALLEN SHARP
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**

cc: The Honorable Christopher A. Nuechterlein